IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANNA TRACTENBERG,
CRAIG TRACTENBERG

   *Plaintiffs,*

  v.

MARRIOTT INTERNATIONAL, INC.,
LUXURY HOTELS INTERNATIONAL
MANAGEMENT COMPANY B.V.

   *Defendants.*

No. 1:21-cv-01002-SB

Anna Tractenberg, Craig Tractenberg, Villanova, Pennsylvania.

                 Pro se *Plaintiffs.*

Sarah Brannan Cole, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, Wilmington, Delaware; Marc Sposato, Riley B. MacGray, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, Delaware.

                 *Counsel for Defendants.*

**MEMORANDUM OPINION**

November 15, 2021

BIBAS, *Circuit Judge*, sitting by designation.

I may not enter judgment against defendants who have no connection with Delaware. Because Luxury Hotels International Management Co. B.V., is one such defendant, I must dismiss it from this case.

To celebrate their anniversary, Anna and Craig Tractenberg travelled to Venice. But their celebrations were cut short. While leaving their hotel, the J.W. Marriott Venice Resort and Spa, Anna slipped and fell. Compl., D.I. 1, ¶¶ 8, 10. She flew to the United States and was hospitalized with serious brain and knee injuries. *Id.* ¶ 17.

So the Tractenbergs sued the Netherlands company managing the hotel, Luxury, along with its American parent, Marriott International, Inc. *Id.* ¶¶ 4–5. Anna charged both companies with negligence. *Id.* ¶¶ 19–52. And Craig claimed loss of consortium. *Id.* ¶¶ 53–56.

Luxury did not respond in time, so the Tractenbergs asked me to enter default judgment. D.I. 12. Because Luxury is neither at home nor active in Delaware, I asked the Tractenbergs to explain why I have personal jurisdiction over it. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 259 (3d Cir. 2008). They responded that Luxury is controlled by Marriott, which *is* incorporated in Delaware. D.I. 17, at 1–3 (citing *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 781 (3d Cir. 2018)).

To decide personal jurisdiction, I look to Delaware law. Fed. R. Civ. P 4(k)(2). In Delaware, a plaintiff may drag a subsidiary into court along with its parent if it is the alter ego or agent of the parent. *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). But neither theory gives me jurisdiction over Luxury.

If a parent is its subsidiary's alter ego, a court may "ignore the corporate boundaries between parent and subsidiary if fraud or inequity is shown." *Id.* Yet the Tractenbergs do not allege fraud or inequity. So this theory cannot help them.

Neither can their agency theory. True, we have jurisdiction over *foreign parents* when they closely control *Delaware subsidiaries. Id.* That makes sense. If the parent directs its Delaware subsidiary, it must have contact with Delaware. The parent's upstream actions elsewhere would flow downstream to Delaware. So the parent cannot be surprised if it is forced to litigate here.

But jurisdiction is a stream, not a two-way street. We cannot travel from a *Delaware parent* to a *foreign subsidiary*. This case shows why. Suppose Marriott (the Delaware parent) controls Luxury from an office in Italy. Luxury would lack any contact with Delaware. Dragging it into Delaware court would "offend traditional notions of fair play." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945). So I will not.

The Tractenbergs push back by noting that an *alter ego* theory may justify jurisdiction over a subsidiary when its parent is at home in Delaware. D.I. 17, at 3. But an alter ego theory treats the parent and subsidiary "as a single enterprise." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1072 (9th Cir. 2015). The parent's contacts can be imputed to its subsidiary and vice versa. *Id.* That logic does not apply to the one-way stream of a principal directing its agent, so alter ego theory has no bearing here.

Thus, I deny the Tractenbergs' motion for default judgment against Luxury and dismiss all claims against it without prejudice. I also deny Luxury's motion to extend its time to respond as moot. But the claims against Marriott can proceed without

Luxury because it is not a necessary party. Fed. R. Civ. P. 19(a). I do not need it to resolve claims brought only against Marriott. Compl. ¶¶ 27–41, 53–56. Likewise, I can address vicarious or joint liability without Luxury. *Id.* ¶¶ 42–52; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 91 (2005); *Am. Home Mortg. Corp. v. First Am. Title Ins. Co.*, 2007 WL 3349320, at *4 (D.N.J. Nov. 9, 2007). So I let the claims against Marriott proceed.